UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Sober Kitty's LLC, a North Dakota limited liability company, and Debora Vaagen, <br><br> Plaintiffs, <br><br> vs. <br><br> Sober Kitty, LLC, a Minnesota limited liability company; Rob Thompson, individually; and Rikilynn Boatright, individually, <br><br> Defendants. | Civ. No. _____ <br><br> **COMPLAINT** |

[¶1] Come now the Plaintiffs, Sober Kitty's, LLC, a North Dakota limited liability company ("Vaagen's Sober Kitty"), and Debora Vaagen ("Ms. Vaagen"), by and through their attorney, Tyler Leverington of the Ohnstad Twichell, P. C., law firm; and for this Complaint, allege and state as follows:

## THE PARTIES

[¶2] Ms. Vaagen is a citizen of the State of North Dakota.

[¶3] Vaagen's Sober Kitty is a North Dakota limited liability company first registered with the North Dakota Secretary of State's office in 2013.

[¶4] Upon information and belief, Rob Thompson and Rikilynn Boatright ("Individual Defendants") are residents of the State of Minnesota.

[¶5] Sober Kitty, LLC (the "Infringing Entity") is a limited liability company first registered with the Minnesota Secretary of State's office in 2017.

## NATURE OF THE CLAIMS, JURISDICTION AND VENUE

[¶6] Vaagen's Sober Kitty and Ms. Vaagen are asserting claims of unfair competition under the Lanham Act pursuant to 15 U.S.C. § 1125, and Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b)(1). This Court has subject matter jurisdiction over the Plaintiffs' Lanham

Act claim pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(b). This court has subject matter jurisdiction over the Plaintiffs' Misappropriation of Trade Secrets claim pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c).

[¶7] Vaagen's Sober Kitty and Ms. Vaagen are asserting claims of state and common law trademark infringement, state law deceptive trade practices, breach of contract, defamation, and state law misappropriation of trade secrets. This court has supplemental jurisdiction over Plaintiffs' state and common law claims pursuant to 28 U.S.C. § 1367 in that the state and common law claims are substantially related with the Plaintiffs' federal claims, and arise from a common nucleus of operative facts, such that the adjudication of Plaintiffs' state and common law claims with its federal claims furthers the interest of judicial economy.

[¶8] This court has personal jurisdiction over Defendants, because Defendants Sober Kitty, LLC, Rob Thompson and Rickilynn Boatright have purposefully availed themselves of the privilege of conducting activities in this state, by advertising for and operating the Infringing Entity within the state of North Dakota, and the claims listed herein arise from the Defendants' contacts with the state of North Dakota.

[¶9] Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to the Plaintiffs' claims occurred within this judicial district.

## OPERATIVE FACTS

[¶10] Ms. Vaagen began operating Vaagen's Sober Kitty in 2013.

[¶11] Ms. Vaagen executed a contract to sell Vaagen's Sober Kitty to the Individual Defendants on August 3, 2016 (the "Contract").

[¶12] The Contract provided, in part that should Individual Defendants fail to fulfil their obligations, "all deposits made hereunder by the Buyer shall be retained by the Seller as liquidated damages."

[¶13]   The Individual Defendants failed to satisfy their full financial obligations under the Contract.

[¶14]   On July 10, 2017, Ms. Vaagen provided notice to the Defendant's that she was exercising her contractual rights to retain ownership of Vaagen's Sober Kitty.

[¶15]   Ms. Vaagen retained all payments made prior to the Defendants' failure to satisfy their obligations, as liquidated damages.

[¶16]   Despite Ms. Vaagen retaining ownership of Vaagen's Sober Kitty, the Individual Defendants and Infringing Entity (collectively the "Defendants") began to wrongfully hold themselves out under the name "Sober Kitty" (Infringing Mark) and provided competing services, leveraging Vaagen's Sober Kitty's name, logos, color scheme, reputation, and good will.

## COUNT I
## UNFAIR COMPETITION -TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1125(a)

[¶17]   All statements provided above shall be incorporated herein.

[¶18]   Vaagen's Sober Kitty began using the phrase "Sober Kitty" (the "Mark") in commerce in 2013.

[¶19]   Defendants did not use the Infringing Mark or any other variation of the phrase "Sober Kitty" in commerce prior to or during 2013.

[¶20]   Vaagen's Sober Kitty is a designated driver service that delivers customers and their cars to their desired location.

[¶21]   The Mark does not describe or suggest the nature or characteristics of Vaagen's Sober Kitty's services.

[¶22]   Alternatively, the Mark subtly suggests, but does not describe, the nature or characteristics of Vaagen's Sober Kitty's services.

[¶23] After the attempted sale of Vaagen's Sober Kitty to the Individual Defendants failed in July of 2017, the Defendants began improperly using the Infringing Mark in commerce.

[¶24] The Mark is distinctive; upon information and belief no similar mark existed in the Fargo-Moorhead designated driving market, or any other market prior to 2017.

[¶25] Defendant's Infringing Mark is identical to the Mark.

[¶26] Defendants use the Infringing Mark in Fargo, North Dakota, West Fargo, North Dakota, and Moorhead, Minnesota.

[¶27] Vaagen's Sober Kitty uses the Mark in Fargo, North Dakota, West Fargo, North Dakota, and Moorhead, Minnesota.

[¶28] Defendants and Vaagen's Sober Kitty attempt to capture the business of the same consumers.

[¶29] The Defendants hold themselves out as the "real" "Sober Kitty."

[¶30] The similarity of the Mark and Infringing Mark results in actual confusion.

[¶31] The consumer confusion prompted Defendants to post messages on social media including the phrases "Please verify that you are calling the right Sober Kitty," and "we apologize for any confusion."

[¶32] The Defendants wilfully and deliberately use the phrase "Sober Kitty."

[¶33] There is a high likelihood of confusion between the Mark and Infringing Mark.

[¶34] 15 U.S.C. § 1125 authorizes the award of three times actual damages.

## COUNT II
## TRADEMARK INFRINGEMENT
## N.D.C.C. § 47-22-11

[¶35] All statements provided above shall be incorporated herein.

[¶36] The words "Sober Kitty" are a trademark registered with the North Dakota Secretary of State's office (the ND Mark), owned by Ms. Vaagen.

[¶37]   The ND Mark does not describe or suggest the nature or characteristics of Vaagen's Sober Kitty's services.

[¶38]   Alternatively, the ND Mark subtly suggests, but does not describe, the nature or characteristics of Vaagen's Sober Kitty's services.

[¶39]   After the attempted sale of Vaagen's Sober Kitty to the Individual Defendants failed in 2017, the Defendants began improperly using the Infringing Mark in commerce.

[¶40]   The ND Mark is distinctive; upon information and belief no similar mark existed in the North Dakota designated driving market, or any other market prior to 2017.

[¶41]   Defendant's Infringing Mark is identical to the ND Mark.

[¶42]   Defendants use the Infringing Mark in North Dakota.

[¶43]   Vaagen's Sober Kitty uses the ND Mark in North Dakota.

[¶44]   Defendants and Vaagen's Sober Kitty attempt to capture the business of the same consumers.

[¶45]   The Defendants hold themselves out as the "real" "Sober Kitty."

[¶46]   The similarity of the ND Mark and Infringing Mark results in actual confusion.

[¶47]   The consumer confusion prompted Defendants to post messages on social media including the phrases "Please verify that you are calling the right Sober Kitty," and "we apologize for any confusion."

[¶48]   The Defendants wilfully and deliberately use the words "Sober Kitty."

[¶49]   There is a high likelihood of confusion between the ND Mark and Infringing Mark.

### COUNT III
### TRADEMARK INFRINGEMENT
### MINNESOTA COMMON LAW

[¶50]   All statements provided above shall be incorporated herein.

[¶51] Vaagen's Sober Kitty began using the phrase "Sober Kitty" (the "MN Mark") in commerce, in Minnesota in 2013.

[¶52] Defendants did not use the Infringing Mark or any other variation of the phrase "Sober Kitty" in commerce, in Minnesota prior to or during 2013.

[¶53] Vaagen's Sober Kitty is a designated driver service that delivers customers and their cars to their desired location.

[¶54] The MN Mark does not describe or suggest the nature or characteristics of Vaagen's Sober Kitty's services.

[¶55] Alternatively, the MN Mark subtly suggests, but does not describe, the nature or characteristics of Vaagen's Sober Kitty's services.

[¶56] After the attempted sale of Vaagen's Sober Kitty to the Individual Defendants failed in July of 2017, the Defendants began improperly using the Infringing Mark in commerce, in Minnesota.

[¶57] The MN Mark is distinctive; upon information and belief no similar mark existed in the Fargo-Moorhead designated driving market, or any other market prior to 2017.

[¶58] Defendant's Infringing Mark is identical to the MN Mark.

[¶59] Defendants use the Infringing Mark in Moorhead, Minnesota.

[¶60] Vaagen's Sober Kitty uses the Mark in Moorhead, Minnesota.

[¶61] Defendants and Vaagen's Sober Kitty attempt to capture the business of the same consumers.

[¶62] The Defendants hold themselves out as the "real" "Sober Kitty."

[¶63] The similarity of the MN Mark and Infringing Mark results in actual confusion.

[¶64] The consumer confusion prompted Defendants to post messages on social media including the phrases "Please verify that you are calling the right Sober Kitty," and "we apologize for any confusion."

[¶65] The Defendants wilfully and deliberately use the phrase "Sober Kitty."

[¶66] There is a high likelihood of confusion between the MN Mark and Infringing Mark.

[¶67] The Court's use of its equitable power is appropriate because Vaagen's Sober Kitty's name reputation, and good will is its most valuable asset.

## COUNT IV
## NORTH DAKOTA DECEPTIVE TRADE PRACTICES
## N.D.C.C. § 51-15-02

[¶68] All statements provided above shall be incorporated herein.

[¶69] Vaagen's Sober Kitty began using the Mark in commerce in North Dakota in 2013.

[¶70] Defendants did not use the Infringing Mark or any other variation of the phrase "Sober Kitty" in commerce in North Dakota prior to or during 2013.

[¶71] Vaagen's Sober Kitty is a designated driver services that delivers customers and their cars to their desired location.

[¶72] The Mark does not describe or suggest the nature or characteristics of Vaagen's Sober Kitty's services.

[¶73] Alternatively, the Mark subtly suggests, but does not describe, the nature or characteristics of Vaagen's Sober Kitty's services.

[¶74] After the attempted sale of Vaagen's Sober Kitty to the Individual Defendants failed in July of 2017, the Defendants began improperly using the Infringing Mark in commerce in North Dakota.

[¶75] The Mark is distinctive; upon information and belief no similar mark existed in the Fargo-Moorhead designated driving market, or any other market prior to 2017.

[¶76]   Defendant's Infringing Mark is identical to the Mark.

[¶77]   Defendants use the Infringing Mark in Fargo, North Dakota, and West Fargo, North Dakota.

[¶78]   Vaagen's Sober Kitty uses the Mark in Fargo, North Dakota, and West Fargo, North Dakota.

[¶79]   Defendants and Vaagen's Sober Kitty attempt to capture the business of the same consumers.

[¶80]   The Defendants hold themselves out as the "real" "Sober Kitty."

[¶81]   The similarity of the Mark and Infringing Mark results in actual confusion.

[¶82]   The consumer confusion prompted Defendants to post messages on social media including the phrases "Please verify that you are calling the right Sober Kitty," and "we apologize for any confusion."

[¶83]   The Defendants wilfully and deliberately use the phrase "Sober Kitty."

[¶84]   There is a high likelihood of confusion between the Mark and Infringing Mark.

[¶85]   Defendant's use of the Infringing Mark is fraudulent.

[¶86]   Defendants' use of the Infringing Mark is deceptive as to the source os the services provided under the Infringing Mark.

[¶87]   Defendants intended others would rely on their use of the Infringing Mark as an identifier of the source of services provided for sale.

[¶88]   The Defendants attempt, by publication, dissemination, solicitation and/or circulation to induce persons to purchase their services.

## COUNT V
## MINNESOTA DECEPTIVE TRADE PRACTICES
## M.S.A. § 325D.44

[¶89]   All statements provided above shall be incorporated herein.

[¶90] Defendants have attempted to pass themselves off as "the real Sober Kitty."

[¶91] The identical nature of the Infringing Mark and the Mark causes a likelihood of confusion or misunderstanding as to whether the services are being provided by the Defendants or Vaagen's Sober Kitty.

[¶92] The identical nature of the Infringing Mark and the Mark causes a likelihood of confusion or misunderstanding as to the affiliation of the Defendants and Vaagen's Sober Kitty with one another.

## COUNT VI
## BREACH OF CONTRACT

[¶93] All statements provided above shall be incorporated herein.

[¶94] The Contract for the sale of Vaagen's Sober Kitty to the Individual Defendants included the sale of Vaagen's Sober Kitty's good will, which the Defendants began to utilize.

[¶95] The Contract also provided, in part "If the [Individual Defendants] fails to fulfill his obligations herein, not excluding close friends, inlaws or family member, the [Individual Defendants] will not be able to and agrees not to engage in the same type of business as [Sober Kitty] for a radius of 100 miles."

[¶96] The Individual Defendants did not fulfill their obligations under the Contract.

[¶97] Despite their failure to fulfill their obligations under the Contract, the Defendants continue to engage in the same type of business as Vaagen's Sober Kitty.

[¶98] Defendant's breach of the contract has resulted in the loss of business and damage to Vaagen's Sober Kitty and Ms. Vaagen's reputation.

## COUNT VII
## DEFAMATION

[¶99] All statements provided above shall be incorporated herein.

[¶100] Defendants, and their agents, have continuously tarnished the name and reputation of Vaagen's Sober Kitty and Ms. Vaagen.

[¶101] Defendants and their agents have defamed Ms.Vaagen and Vaagen's Sober Kitty, stating that Ms. Vaagen and Vaagen's Sober Kitty are "fraud[s]," "attempt[ing] theft," "under investigation," "scabs," "breaking the law," "not the "real" Sober Kitty."

[¶102] Neither Ms. Vaagen nor Vaagen's Sober Kitty is a fraud.

[¶103] Neither Ms. Vaagen nor Vaagen's Sober Kitty is attempting theft.

[¶104] Neither Ms. Vaagen nor Vaagen's Sober Kitty is a scab.

[¶105] Neither Ms Vaagen nor Vaagen's Sober Kitty is breaking the law.

[¶106] Vaagen's Sober Kitty is the "real" Vaagen's Sober Kitty.

[¶107] The false statements of Defendants and their agents were made in public forums, including, but not limited to Vaagen's Sober Kitty's professional Facebook page, where they were seen by hundreds of people.

[¶108] Ms. Vaagen and Vaagen's Sober Kitty were told by Vaagen's Sober Kitty customers that the Individual Defendants have repeatedly maligned and made false claims about Ms. Vaagen during car rides given by the Infringing Entity.

[¶109] Defendants' defamatory statements have caused Ms. Vaagen and Vaagen's Sober Kitty monetary damages by way of tarnished personal and business reputations resulting in the loss of would be customers.

## COUNT VIII
## FEDERAL MISAPPROPRIATION OF TRADE SECRETS
## 18 USC § 1836 (b)(1)

[¶110] All statements provided above are incorporated herein.

[¶111] During the course of the attempted sale of Vaagen's Sober Kitty to the Defendants, Defendants were provided with client lists, which derive independent economic value ("Trade Secretes").

[¶112] After failing to fulfill their obligations under the purchase agreement for Vaagen's Sober Kitty, the Defendants refused to return and continued to use the Trade Secretes for their benefit.

[¶113] Defendant's improper use of the Trade Secrets resulted in lost revenue for Vaagen's Sober Kitty.

## COUNT IX
## NORTH DAKOTA MISAPPROPRIATION OF TRADE SECRETS
## N.D.C.C. § 47-25.1

[¶114] All statements provided above are incorporated herein.

[¶115] During the course of the attempted sale of Vaagen's Sober Kitty to the Defendants, Defendants were provided with client lists, which derive independent economic value ("Trade Secrets").

[¶116] After failing to fulfill their obligations under the purchase agreement for Vaagen's Sober Kitty, the Defendants refused to return and continued to use the Trade Secretes for their benefit.

[¶117] Defendant's improper use of the Trade Secrets resulted in lost revenue for Vaagen's Sober Kitty.

## COUNT X
## MINNESOTA MISAPPROPRIATION OF TRADE SECRETS
## M.S.A. § 325C.01

[¶118] All statements provided above are incorporated herein.

[¶119] During the course of the attempted sale of Vaagen's Sober Kitty to the Defendants, Defendants were provided with client lists, which derive independent economic value ("Trade Secrets").

[¶120] After failing to fulfill their obligations under the purchase agreement for Vaagen's Sober Kitty, the Defendants refused to return and continued to use the Trade Secretes for their benefit.

[¶121] Defendant's improper use of the Trade Secrets resulted in lost revenue for Vaagen's Sober Kitty.

## PRAYER FOR RELIEF

[¶122] Ms. Vaagen and Vaagen's Sober Kitty now pray for relief as follows, including treble damages as authorized by the statues previously cited herein:

(1) Monetary damages in an amount increasing daily, currently exceeding $881,800 payable by all defendants, jointly and severally;

(2) Payment of Plaintiff's costs and attorney's fees, as authorized by the statutes previously cited herein;

(3) An order that Defendants be permanently enjoined from using the Infringing Mark or any mark similar to the Mark, without Ms. Vaagen's express, written consent;

(4) An order that Defendants be enjoined from operating a business of the same type as Vaagen's Sober Kitty, consistent with the contract signed by Defendants; and

(5) Further relief as the Court deems just and equitable.

Dated: October 5th, 2017.

*Tyler Leverington* (signature)
Tyler J. Leverington
Attorney for Plaintiffs, Sober Kitty's LLC, a
North Dakota limited liability company, and
Debora Vaagen
ND ID #08312

OHNSTAD TWICHELL, P.C.
901 - 13th Avenue East
P.O. Box 458
West Fargo, ND 58078-0458
TEL (701) 282-3249
FAX (701) 282-0825
tleverington@ohnstadlaw.com

F:\USERS\LIT\Sober Kitty\Litigation\Pleadings\Complaint.wpd